FILED
COURT OF APPEALS
DIVISION II

2013 JUL -2 AM 9: 07

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43102-5-II |
| Respondent, | |
| v. | |
| DENNIS WAYNE MILLER, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Dennis Miller appeals his conviction for unlawful possession of methamphetamine, arguing that the trial court erred in denying his motion to suppress. We affirm.[1]

Miller moved to suppress the methamphetamine found on his person, arguing that the search was unlawful because the arrest was unlawful. The trial court denied the motion to suppress, making the following pertinent finding and conclusions:

## I. FINDINGS OF FACT

. . . .

2. On August 18, 2011 Clark County Sheriff's Deputy Robin Yakhour was on patrol in Clark County. Deputy Yakhour had been advised by another officer about a stolen vehicle that was distinct in appearance. Deputy Yakhour received this information one or two days prior to this incident. Deputy Yakhour also received information about a named potential suspect who she was familiar with. Deputy Yakhour knew that the defendant was not that named suspect.

---

[1] A commissioner of this court initially considered Miller's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

3. While patrolling, Deputy Yakhour saw a vehicle matching the description she received from the other officer. The vehicle was parked in a driveway of a house in a residential area. The vehicle was facing the garage. The driver's side door of the car was open. Deputy Yakhour saw the defendant partially inside the car. The defendant was half obscured from view and appeared to be working on the car in the area of the steering column,

4. Deputy Yakhour took note of the license plate of the vehicle and continued driving. Deputy Yakhour contacted dispatch and dispatch confirmed that the vehicle was currently reported stolen. Deputy Yakhour also ran the license plate through the NCIC database from her in-car computer. The NCIC check also confirmed the car was currently reported stolen.

5. Deputy Yakhour left her patrol car and approached the stolen car on foot. The same individual, the defendant, was on his knees outside of the car with his shoulders under the steering column area, and appeared to be working on the car.

6. Deputy Yakhour pulled out her taser and ordered the defendant to get out of the vehicle, show his hands, and get on the ground. The defendant complied and got on the ground. Deputy Yakhour told him he was under arrest for Possession of a Stolen Motor Vehicle.

7. The defendant asked what was going on. Deputy Yakhour told him that the car was stolen. The defendant told Deputy Yakhour that he had purchased the car and had a title and bill of sale. Deputy Yakhour continued to detain the defendant.

8. Clark County Sheriff's Deputy Tim Boardman arrived as back up. Deputy Boardman placed the defendant in handcuffs.

9. . . . .

. . . .

c. The Court finds that the actions of Deputy Boardman caused [a cigarette pack with a closed lid and a small closed metal container] to come out of the defendant's pockets.

10. Deputy Boardman opened the cigarette pack and the metal container. He found suspected methamphetamine inside both containers.

. . . .

## II. CONCLUSIONS OF LAW

. . . .

3. Deputy Yakhour had probable cause to arrest the defendant for the crime of Possession of a Stolen Motor Vehicle.

a. Deputy Yakhour had sufficient information at the time of arrest to believe the vehicle was stolen

b. Deputy Yakhour was reasonable to believe that the defendant was in possession of the stolen vehicle and had knowledge that it was stolen because the defendant was exhibiting dominion and control over the vehicle at the time of arrest.

2

No. 43102-5-II

4. The defendant's person was searched as a valid search incident to arrest. The items removed from the defendant's pockets were obtained and searched as a part of a valid search incident to arrest.

Clerk's Papers at 1-4.

Miller subsequently agreed to be tried on stipulated facts, and the court found him guilty. Miller appeals.

ANALYSIS

Miller argues that the trial court erred in denying his motion to suppress because his arrest was unlawful. He contends that Deputy Yakhour lacked probable cause to arrest him for possession of a stolen motor vehicle. He relies upon *State v. O'Cain*, 108 Wn. App. 543, 544-45, 31 P.3d 733 (2001), which holds:

> Officers who act on the basis of the dispatch are not required to have personal knowledge of the factual foundation, and are not expected to cross-examine the dispatcher about the foundation for the transmitted information before acting on it. Rather, the collective knowledge of law enforcement agencies giving rise to the police dispatch will be imputed to the officers who act on it. *If the resulting seizure is later challenged in court, the State cannot simply rely on the fact that there was such a dispatch, but must prove that the dispatch was based on a sufficient factual foundation to justify the stop at issue.*

(Emphasis added.)

Miller contends that the State failed to present evidence of the factual foundation for the knowledge of Deputy Leukay, who had told Deputy Yakhour about the stolen vehicle, and failed to present sufficient evidence of the factual foundation for the dispatcher's and the computer's reports that the vehicle was stolen.

Deputy Yakhour testified that, after seeing a vehicle resembling the vehicle, Deputy Leukay had told her about and obtaining its license plate number:

Q. Basically, I ran the plate through the MDC in my patrol vehicle, in my patrol car. It's a—we call it an MDC. It basically runs all our plates and all the

3

information through that computer. And we get all of our Department of Licensing returns through that computer. . . . So when I got the return, on the bottom of the DOL hit, it tells me, "check NCIC", you know, because the vehicle is listed as stolen.

Q. "Check NCIC", what does that mean?

A. It's basically the code that says, "This is stolen." So—

Q. Okay. And, did you also contact dispatch regarding the stolen car?

A. I did. And, let them know where I was and I gave them the plate and they also said, "Yes, this is stolen."

1 Verbatim Report of Proceedings at 7-8.

Deputy Yakhour's testimony was sufficient for the trial court to find that she had probable cause to arrest Miller before he was searched incident to arrest. The testimony that the MDC uses Department of Licensing data and that the dispatcher confirmed the stolen status of the vehicle was a sufficient factual foundation under the *O'Cain* standard noted above.[2] We affirm the denial of Miller's motion to suppress and his subsequent conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040; it is so ordered.

Johanson, A.C.J.

We concur:

Hunt, J.

Penoyar, J.

---

[2] Miller is correct that the trial court erred in finding that Deputy Yakhour checked the NCIC computer system. She did not so testify. She only checked the MDC, which advised her to "check NCIC." 1 RP at 8.